**FALEFATU aka (FATU) FA'AMAONI, Appellant**

**v.**

**AMERICAN SAMOA GOVERNMENT, Appellee**

High Court of American Samoa
Appellate Division

AP No. 29-90

March 25, 1992

Before KRUSE, Chief Justice, RICHMOND, Associate Justice, MALAETASI,[*] Acting Associate Justice, LOGOAI, Associate Judge, and MAILO, Associate Judge.

Counsel: For Appellant, Charles V. Ala'ilima
For Appellee, Thomas E. Dow, Assistant Attorney General

KRUSE, C.J.:

Appellant, Falefatu Fa'amaoni, was convicted of Sexual Abuse in the First Degree and sentenced to a term of imprisonment for a period of five years. Execution of sentence was suspended and the appellant was placed on probation for a period of five years, subject to a number of conditions. Contending that certain conditions of probation imposed upon him were illegal, appellant filed his motion for reconsideration of his sentence some 90 days after the announcement of sentence.

---

[*] The Honorable Malaetasi Togafau, District Judge, District Court of American Samoa, serving by designation of the Secretary of the Interior.

However, the territorial statute which governs appeals in criminal matters, A.S.C.A. § 46.2402, provides:

> The following procedure shall apply to appeals taken to the appellate division of the High Court:
>
> (a) Before filing a notice of appeal, a motion for a new trial shall be filed within 10 days after the announcement of the judgment or sentence.

(Emphasis added). The statutory language is very plainly mandatory and the requirement of a motion for new trial or reconsideration of judgment or sentence within ten days is jurisdictional.[1]

Notwithstanding, appellant cites H.C.R.Cr.P. 35, which provides that "[t]he court may correct an illegal sentence at any time," and he urges a reconciliatory reading of the statute. Appellant contends that "it would be bad precedent to read A.S.C.A. § 46.2402(a) so restrictively so as to defeat the purpose and policy behind rule 35 and the territorial legislature's desire that the local rules conform to the federal rules." Appellant's Brief at 3. The legislative desire alluded to is that embodied in A.S.C.A. § 46.0501. This enactment reads:

> Except as otherwise enacted in this Code, by rules adopted by the Chief Justice, the criminal procedure in the High Court shall conform as nearly as may be practical to the Federal Rules of Criminal Procedure.

Although there is perhaps something to be said about the suggestion, it is quite clear that the Chief Justice's rule making authority under A.S.C.A. § 46.0501 does not include the power to amend unambiguous legislative enactments setting out the prerequisites to appeal. Secondly, A.S.C.A. § 46.0501, by its own terms, is limited to situations not "otherwise" covered by the Code. Thus, T.C.R.Cr.P. 35 is in conflict with the provisions of A.S.C.A. §§ 46.2402(a) and 43.0802(a). As correctly explained by the court below:

---

[1] See, e.g., Taulaga v. Patea, 17 A.S.R.2d 34 (1990) (construing A.S.C.A. § 43.0802(a), which employs the exact language contained in A.S.C.A. § 46.2402(a)); see also Judicial Memorandum No. 2-87, 4 A.S.R.2d 172 (1987).

Rule 35 was imported almost verbatim from the Federal Rules of Criminal Procedure. This is one of a number of instances in which it appears that the committee that compiled the American Samoa rules did not notice a difference between the federal and territorial statutory schemes which may render such verbatim importation inappropriate or impossible. The federal equivalent of Rule 35 is appropriate in the federal system because the federal courts are not subject to the jurisdictional limitation imposed on the High Court of American Samoa by A.S.C.A. § 43.2402(a). There is no federal statutory requirement that a motion to reconsider a sentence be made within a certain number of days; rather, the federal rule itself, having been approved by Congress, defines the jurisdiction of the federal district courts with respect to reconsideration of sentences. In contrast, the American Samoa rules were promulgated by the sole authority of the Court and must therefore give way to territorial statutes defining the Court's jurisdiction unless the statutes themselves can be shown to be unconstitutional. See generally American Samoa Government v. Tile, 8 A.S.R.2d 120 (1988).

Since there was no timely motion for reconsideration or new trial within the statutory ten-day deadline, we have no jurisdiction to entertain this appeal--regardless of any arguments, equitable or otherwise. See Judicial Memorandum No. 2-87, 4 A.S.R.2d 172, 174 (1987). We accordingly dismiss.

It is so ordered.